```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

GARY C. QUAINTANCE                          CIVIL ACTION

VERSUS                                      NO: 07-7165

ENCOMPASS INSURANCE COMPANY                 SECTION: R(2)
```

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand this case to state court. Defendant has also requested that it be allowed to conduct limited discovery on the amount in controversy should the Court find that the jurisdictional amount is not met. Because the Court finds that the jurisdictional amount is not satisfied, the Court GRANTS plaintiff's motion. Finding no reason to order limited discovery, the Court DENIES defendant's request.

### I.   BACKGROUND

Plaintiff suffered damage to his property as a result of Hurricane Katrina. On August 28, 2007, plaintiff brought claims

in state court for breach of contract and improper adjustment against his homeowner's insurer, Encompass Insurance Company. In addition to general damages, plaintiff seeks attorney's fees and statutory penalties under La. Rev. Stat. §§ 22:658, :1220. Encompass then removed this case to federal court on the ground of diversity. Plaintiff now moves to remand. The parties disagree as to whether the amount in controversy exceeds $75,000 as is required under 28 U.S.C. § 1332(a) for diversity jurisdiction to exist.

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at

any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **B.    Jurisdictional Amount**

Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen*, 63 F.3d at 1335. But if a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

**II.    DISCUSSION**

    **A.    Amount in Controversy**

Plaintiff brought breach of contract and improper adjustment claims against Encompass after Encompass allegedly failed to pay plaintiff the amount to which he was entitled under his homeowner's policy. In addition to seeking additional payment under his policy for storm damage to his property, plaintiff seeks to recover attorney's fees and statutory penalties for Encompass's alleged bad faith. Plaintiff, however, does not request a specific amount of damages in his complaint. Encompass

contends that the amount in controversy exceeds $75,000 because the coverage limit in plaintiff's policy is $405,150.00, and Encompass has only paid plaintiff $22,438.28, leaving more than $380,000 in remaining potential coverage under plaintiff's policy. Encompass also points to plaintiff's request for attorney's fees and penalties under La. Rev. Stat. §§ 22:658, :1220.

The Court finds that it does not have diversity jurisdiction over this matter. Plaintiff's complaint does not allege a specific type or amount of damage to his property. Nor does plaintiff contend that he is entitled to the limit of his policy. Defendant's reference to plaintiff's policy limit is therefore inconclusive. As such, it is not facially apparent that plaintiff's claims are for more than $75,000.

That plaintiff also seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:658, 1220 does not satisfy the jurisdictional amount of more than $75,000 either. Under § 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. A plaintiff, however, must show proof of actual damages arising from the breach to recover

any more than $5,000. *See Hannover Corp. of Am. v. State Farm Mut. Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Plaintiff here does not allege in his petition an amount or type of damages that he sustained from Encompass's breach. Furthermore, Encompass provides no summary-judgment type evidence to show that plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract. Under § 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of 25 percent of the amount due under the policy, or $1,000, whichever is greater, where it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added). In the absence of any evidence that indicates the value of plaintiff's claims, the Court finds that Encompass has failed to meet its burden to prove by a preponderance of the evidence that plaintiff's claims exceed the jurisdictional amount.

    B.    **Limited Jurisdictional Discovery**

Encompass also requests that the Court order limited discovery for the purpose of ascertaining the amount in controversy. The Fifth Circuit has explained that a district court "is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied. "[T]he blueprint of the method of determining the length and breadth of

the amount in controversy is entirely within the discretion of the trial court.'" *Foret v. So. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (quoting *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971)). In support of its request for jurisdictional discovery, Encompass relies on *Garbin v. Gulf South Pipeline Co.*, Civ. Act. No. 01-2659, 2001 WL 1386067 (E.D. La. Nov. 7, 2001). In *Garbin*, both the identities of multiple defendants and the amount in controversy were undetermined at the time of removal. In that case, knowledge of all the defendants' identities was in the exclusive control of the one known defendant. The *Garbin* court allowed limited discovery on the amount in controversy question in part because it had already granted limited discovery to ascertain the identity of all defendants. *Id.* at *2.

This case does not present circumstances that warrant discovery on the amount in the controversy. Here there is no dispute over the identities of the parties. Nor has Encompass provided any reasons why, in this typical lawsuit, it could not gather evidence that establishes a minimum amount in controversy. Encompass does not assert that plaintiff knows the full amount in controversy and is refusing to disclose that information. Nor does Encompass allege that it has attempted to discover the full amount of plaintiff's claims and plaintiff has refused to divulge

such information. Encompass only suggests that discovery will produce such information. Plaintiff's recoverable damages, if any, are at the heart of this case. Conjecture is not a proper basis for likely burdensome jurisdictional discovery. *See NL Indus. Inc. v. Onebeacon Am. Ins. Co.*, 435 F. Supp. 2d. 558, 565-66 (N.D. Tex. 2006). Accordingly, Encompass is not entitled to conduct discovery on this issue.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and DENIES defendant's request for jurisdictional discovery.

New Orleans, Louisiana this 30th day of November 2007

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE